UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COLEN MCDADE,<br><br>    Plaintiff,<br><br>    v.<br><br>BASS, et al.,<br><br>    Defendants. | CAUSE NO. 3:22-CV-933-JD-MGG |

OPINION AND ORDER

Colen McDade, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. McDade is proceeding without counsel, the court must give his complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. McDade is an inmate at Indiana State Prison. He claims that for an 11-day period in September 2022, he was housed in a poorly ventilated cell containing excessive amounts of mold and a urine smell. He complained to Sergeant Bass (first

name unknown), Unit Team Manager Bane (first name unknown), Sergeant Whitney Williams, and Caseworker Gram (first name unknown) about the condition of the cell and asked them each for cleaning supplies. He claims they all ignored him and did nothing to help him. He tried to clean the cell with a bar of body soap, but with little success. He claims the mold and urine smell caused him headaches, wheezing, and shortness of breath, for which he had to obtain an inhaler and other medication. Based on these events, he sues the above-named individuals for monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. McDade has plausibly alleged that he was denied the minimal civilized measure of life's necessities. Specifically, he claims he was housed in an excessively

moldy, smelly, poorly ventilated cell for 11 days, causing him to suffer headaches and breathing difficulties. On the subjective prong, he claims all four defendants were well aware of the poor condition of his cell, but they ignored his requests for cleaning supplies and other assistance. He will be permitted to proceed against these defendants on a claim for damages. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he described a "prototypical case of deliberate indifference"); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (inmate adequately stated claim for deliberate indifference where he alleged defendants knew about a "serious" problem and "did nothing about it").

As a final matter, Mr. McDade moves for summary judgment in his favor. (ECF 9.) This is his second such motion filed in the case. (*See* ECF 2, 7.) As he was previously told, it is premature for him to move for summary judgment at this stage. He has only just been granted leave to proceed on a claim pursuant to 28 U.S.C. § 1915A, and the defendants still must be served with the complaint in accordance with Federal Rule of Civil Procedure 4. They also must be given an opportunity to answer the complaint and assert any available affirmative defenses, as well as to conduct discovery into his claims. *See* FED. R. CIV. P. 12, 26. The motion will be denied at this stage.

For these reasons, the court:

(1) DENIES the plaintiff's motion for summary judgment (ECF 9);

(2) GRANTS the plaintiff leave to proceed against Sergeant Bass (first name unknown), Unit Team Manager Bane (first name unknown), Sergeant Whitney Williams, and Caseworker Gram (first name unknown) in their personal capacity for

3

monetary damages for housing him under unsanitary conditions of confinement and ignoring his requests for cleaning supplies during an 11-day period in September 2022 in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Bass (first name unknown), Unit Team Manager Bane (first name unknown), Sergeant Whitney Williams, and Caseworker Gram (first name unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Sergeant Bass (first name unknown), Unit Team Manager Bane (first name unknown), Sergeant Whitney Williams, and Caseworker Gram (first name unknown) to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 10, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT